UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-645-RJC

| | |
|---|---|
| LOREN HENDERSON,           )<br>                              )<br>         Plaintiff,          )<br>                              )<br>vs.                           )           **ORDER**<br>                              )<br>UNITED STATES et al.,         )<br>                              )<br>         Defendant.           )<br>_____) | |

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), on Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), and on Plaintiff's Motion for Order of the Court Directing U.S. Marshal to Serve Complaint, (Doc. No. 7).

**I.     BACKGROUND**

Pro se Plaintiff Loren Henderson is a federal inmate currently incarcerated at Loretto Federal Correctional Institution in Loretto, Pennsylvania. Plaintiff brought this Bivens action arising out of events that allegedly occurred while he was an inmate at Fort Dix Federal Correctional Institution ("Fort Dix") in Fort Dix, New Jersey. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). In the Complaint filed on September 28, 2012, Plaintiff alleges that the named Defendants at all relevant times were employees of the Bureau of Prisons and were assigned to Fort Dix. (Doc. No. 1 at ¶ 2). Plaintiff alleges that he informed prison officials that other inmates had threatened him and that he was concerned for his safety; the

prison officials did nothing to protect Plaintiff; and other inmates subsequently assaulted and seriously injured him.  See (Id. at ¶¶ 4, 5, 7, 18, 19, 23).  Plaintiff purports to bring, among other things, an Eighth Amendment claim against the named Defendants for deliberate indifference to the safety and care of Plaintiff by permitting "the plaintiff to be physically assaulted by inmates known to have threatened plaintiff and known to be violent or otherwise problematic."  (Id. at ¶¶ 21, 22).

The Court first considers Plaintiff's application for in forma pauperis status.  In support of his motion, Plaintiff has attached his inmate trust account, which shows that as of June 5, 2012, the balance in his account was $4.28.  (Doc. No. 2-1 at 1).  The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee.  Therefore, Plaintiff's application to proceed in forma pauperis, (Doc. No. 2), is granted.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.  DISCUSSION**

Venue for actions brought under Bivens are governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Venue is not proper in this district, as the only connection between this district and Plaintiff's action is that Plaintiff states in the Complaint that his permanent residence is in this district. Plaintiff's alleged permanent residence in this district is not a basis for venue under Section 1391(b). Furthermore, Plaintiff has given no indication that Defendants reside in this State. Rather, according to Plaintiff's own allegations, all of the events or omissions giving rise to his claim occurred at Fort Dix Federal Correctional Institution, which is located in the District of New Jersey. Thus, the District of New Jersey is the proper venue.

Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court will therefore transfer this matter to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

**IV.  CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 2), is **GRANTED**.

2. This matter is **TRANSFERRED** to the District of New Jersey based on improper venue pursuant to 28 U.S.C. § 1406(a).

3. Plaintiff's Motion to Appoint Counsel, (Doc. No. 3), and Plaintiff's Motion for Order of the Court Directing U.S. Marshal to Serve Complaint, (Doc. No. 7), are **DENIED without prejudice as moot**.

4. The Clerk is directed to terminate this action.

Signed: November 26, 2012

Robert J. Conrad, Jr.
Chief United States District Judge