***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LOREN HENDERSON, | : | |
| | : | Civil Action No. 12-7276 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| USA, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**Loren Henderson**, Plaintiff pro se
09196-058
Loretto Federal Correctional Institution
Legal Mail
Inmate Mail/Parcels
P.O. BOX 1000
Loretto, P.A. 15940

**KUGLER**, District Judge

Plaintiff Loren Henderson ("Plaintiff") has previously been granted permission to bring this action *in forma pauperis*. (ECF No. 8.) At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants Warden Donna Zickefoose; Lt. Wright; Lt Anderson; Lt. Edwards; Lt. Martusciello; Unit Manager

Herbert; Case Manager Bonner; Case Worker Olsen; Counsel Reyes; Dr. Sularman; Inmate Eric Miller; and Inmate McDowell.   The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 10, 2010, Plaintiff alleges that he was first threatened by inmates Miller and McDowell.   On April 15th and 16th, Plaintiff reported the threats to Defendant Reyes, who failed to address the situation.   A few days later, Plaintiff reported Defendant Reyes' inaction to Defendant Olsen.   On May 9, 2010, Plaintiff informed Defendant Wright about the situation.   On June 11, 2010, Plaintiff spoke to Defendant Bonner about changing rooms, but Defendant Herbert denied that request.   On June 12, 2010, Plaintiff informed Defendant Zickefoose about the situation and she advised him that she would look into it.   On June 20, 2010, Plaintiff explained the situation to Defendant Sulaman, who told Plaintiff that he would seek to have him moved to a lower floor.   On August 5, 2010, Plaintiff spoke to Defendant Anderson about the situation, who informed Plaintiff that he would talk to Defendant Reyes.   On August 21, 2010, Plaintiff and Defendant McDowell had a verbal argument and Defendant Martusciello was made aware of that altercation.   On that same day, Plaintiff was assaulted by Defendants McDowell, Miller and a third person.   Plaintiff alleges that he suffered many injuries as a result.

Plaintiff seeks monetary and declaratory relief.

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

3

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2.** *Bivens*

Plaintiff brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights guaranteed under the United States Constitution. In *Bivens*, the Supreme Court held that one is entitled to recover monetary damages for injuries suffered as a result of federal officials' violations of the Fourth Amendment. In doing so, the Supreme Court created a new tort as it applied to federal officers, and a federal counterpart to the remedy created by 42 U.S.C. § 1983. Both are designed to provide redress for constitutional violations. Thus, while the two bodies of law are not "precisely parallel," there is a "general trend" to incorporate § 1983 law into *Bivens* suits. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987).

In order to state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. Nat'l Org. For Women*, 681 F.Supp. 129, 132 (D.Conn. 1987) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)).

**B. Analysis**

Plaintiff appears to be asserting an Eighth Amendment failure to protect claim. However, based on the facts as alleged on the face of the Complaint, the Court finds that the Complaint is time-barred.

Like civil rights claims brought pursuant to 42 U.S.C. § 1983, the statute of limitations for *Bivens* claims is taken from the forum state's personal injury statute. *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993); *see also Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers*, 855 F.2d 1080, 1087 n. 3 (3d Cir. 1988) (noting that the same statute of limitations applies to both *Bivens* and § 1983 claims). New Jersey's statute of limitations for personal injury causes of action is two years. N.J. Stat. Ann. § 2A:14-2. The cause of action for *Bivens* claims accrues when the plaintiff knows of or has reason to know of the injury. *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

In this case, Plaintiff plainly alleges that his injuries occurred on August 21, 2010, the date that he was assaulted by the other inmates. He would have two years from that date, or by August 21, 2012, to timely file his asserted claims. Plaintiff's complaint filed on September 23, 2012, the date he signed it, is approximately one month beyond the statute of limitations. *See Santos v.*

5

*Gainey*, 417 F. App'x 109, 110 (3d Cir. 2010)("[t]he District Court properly determined that Santos's causes of action accrued on the actual dates of the alleged assaults").

New Jersey statutes set forth certain bases for "statutory tolling." *See*, *e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of nonresidency of persons liable). As pled, the Complaint does not allege any basis for statutory tolling. New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 347 N.J. Super. Ct. 11, 31 (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff fails to articulate any basis for equitable tolling.

It is apparent from the face of the Complaint that Plaintiff's § 1983 claim is time barred and this Court will dismiss the Complaint as untimely. *See Paluch v. Secretary Pennsylvania Dept. of*

*Corrections*, 442 F. App'x 690, 694 n. 2 (3d Cir.2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879, at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A").

If Plaintiff believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and to file an amended complaint stating the basis for tolling.

### III. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A (b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[1]  An appropriate order follows.

Dated:   March 25, 2013

                                                         s/Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*